[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15229
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 08, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00454-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 8, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Smith pleaded guilty to (1) conspiracy to possess with intent to distribute

five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. §

841(a)(1), 841(b)(1)(A)(ii)(II); (2) attempted possession with intent to distribute

five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1),

841(b)(1)(A)(ii)(II); and (3) aiding and abetting another who carried a firearm in

relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)A),

924(c)(1)(A)(i).  The district court sentenced him to the Sentencing Guidelines

minimum of 322 months.[1]  Smith did not object to his sentence.

On appeal, Smith argues that the sentence was substantially unreasonable

because he has a history of mental illness and the district court failed to

appropriately take this into account in fashioning a sentence.[2]  Further, he claims

that the district court failed to appropriately weigh the fact that Smith was taken off

his medication prior to the commission of the crimes.

In reviewing the sentence imposed by the district court for reasonableness,

we consider the final sentence, in its entirety, in light of the § 3553(a) factors.

United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006).  This reasonableness

---

[1] The Sentencing Guidelines range was 262 to 327 months for the drug crimes, but the gun conviction required a statutory consecutive 60-month sentence.  Thus, in effect, the minimum was 322 months.

[2] Smith's brief is not entirely clear, but to the extent that Smith argues that the court erred in not granting a downward departure, we note that we do not have jurisdiction to consider such an argument.  See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (we do not have jurisdiction over whether the district court failed to apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to do so).

standard is deferential, and the defendant bears the burden of establishing that the sentence is unreasonable. United States v. Bohannon, 476 F.3d 1246, 1253 (11th Cir. 2007). We review the district court's imposition of a sentence under the abuse-of-discretion standard.[3] Gall v. U.S., 552 U.S. ____, 128 S.Ct. 586, 597 (2007). The sentence must be both procedurally and substantively reasonable.[4] Id. Substantive reasonableness involves inquiring into whether the court abused its discretion in determining that the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at 600. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). Section 3553(a) also requires the sentencing court to consider the nature and circumstances of the offense, the advisory Guidelines range, and the need to avoid unwarranted sentence

---

[3] The Government contends that the plain error standard applies because Smith did not challenge the reasonableness of his sentence before the district court. Smith did, however, seek a reduced sentence due to his mental status. We need not decide which standard of review applies because under either standard Smith's argument lacks merit.

[4] Smith does not challenge the procedural reasonableness of his sentence.

disparities.  See 18 U.S.C. § 3553(a)(1), (4),(6).  We will reverse a procedurally

sound sentence only if we are "left with the definite and firm conviction that the

district court committed a clear error of judgment in weighing the § 3553(a) factors

by arriving at a sentence that lies outside the range of reasonable sentences dictated

by the facts of the case."  United States v. Williams, 456 F.3d 1353, 1363 (11th

Cir. 2006).

After reviewing the record, we cannot say that the district court erred.  The

district judge considered the § 3553 factors and specifically discussed the nature

and circumstances of the offense, the seriousness of the offense, the danger Smith

presents to the public, and his lengthy criminal record.  The court then sentenced

Smith at the bottom of the Sentencing Guidelines range.

With regard to Smith's specific argument that the judge failed to adequately

weigh Smith's history of mental illness and the fact that Smith was off his

medication at the time of committing the crimes, we, again, are not convinced that

the district court erred.  The court considered Smith's argument and rejected it.

Smith failed to provide the district court with any evidence of a lengthy history of

mental illness or collaborate his story of being off his medication.  His claims are

self-reported and unsubstantiated.  Indeed, the district court found that Smith was

malingering.  Smith has not left us with a firm conviction that the sentence was

4

unreasonable.

Accordingly, we **AFFIRM**.